# EXHIBIT A

FILED: QUEENS COUNTY CLERK 09/11/2015 10:53 AM                INDEX NO. 709557/2015
NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 09/11/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------x

| | |
|---|---|
| MADELAINE CHOCOLATE NOVELTIES, INC. D/B/A THE MADELAINE CHOCOLATE COMPANY ) ) ) ) Plaintiff, ) ) - against - ) ) GREAT NORTHERN INSURANCE COMPANY, ) ) Defendant. ) | Index No. _____ **SUMMONS** **Date Index No. Purchased:** September 11, 2015 |

-----------------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

VENUE: Plaintiff designates Queens County as the place of trial. The basis of this designation is Plaintiff's residence in Queens County at 96-03 Beach Channel Drive, Rockaway Beach, New York 11693.

Dated: September 11, 2015
New York, New York

                                              Respectfully submitted,

                                              JONES DAY

                                              By: s/ Edward M. Joyce
                                                    Edward M. Joyce
                                                    Jason B. Lissy
                                                    222 East 41st Street
                                                    New York, New York 10017
                                                    Telephone: (212) 326-3939
                                                    Facsimile: (212) 755-7306
                                                    Email: emjoyce@jonesday.com
                                                                 jlissy@jonesday.com

                                              *Attorneys for Plaintiff Madelaine*
                                              *Chocolate Novelties, Inc. d/b/a The*
                                              *Madelaine Chocolate Company*

To:    Great Northern Insurance Company
        15 Mountain View Road
        Warren, NJ 07059

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MADELAINE CHOCOLATE NOVELTIES, INC. D/B/A
THE MADELAINE CHOCOLATE COMPANY,

    Plaintiff,

v.

GREAT NORTHERN INSURANCE COMPANY,

    Defendant.

) Index No.
)
) **DEMAND FOR JURY TRIAL**

---

## COMPLAINT

Plaintiff Madelaine Chocolate Novelties, Inc. d/b/a The Madelaine Chocolate Company ("Madelaine"), by its attorneys, Jones Day, upon knowledge with respect to its own acts and upon information and belief with respect to all other matters, complains of Defendant Great Northern Insurance Company ("Great Northern") and alleges as follows:

### NATURE OF THE ACTION

1. This action for damages and declaratory relief arises out of the failure and refusal of Great Northern to honor its obligations under a commercial all risks property insurance policy sold to Madelaine. Great Northern is liable to Madelaine for more than $53 million in losses, including property damage and ongoing loss of business income, sustained by Madelaine as a result of Superstorm Sandy ("Sandy").

### PARTIES

2. Established in 1949, Madelaine is a third-generation, family-owned and family-run enterprise engaged in the business of manufacturing seasonal foiled chocolates. Madelaine

has maintained its production, warehousing and administrative offices in the Rockaways section of Queens, New York since 1967 and is one of Queens' largest private employers.

3. Madelaine is incorporated in New York and has its principal place of business at 96-03 Beach Channel Drive, Rockaway Beach, New York 11693.

4. Great Northern is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Great Northern pursuant to CPLR § 301 because Great Northern was, at all relevant times, a corporation authorized to transact business in the State of New York and/or conducted continuous and substantial business in the State of New York.

6. This Court has jurisdiction over Great Northern pursuant to CPLR § 302 because Great Northern transacted business and/or contracted to supply services within the State of New York and this action arose from such transaction and/or contract.

7. Venue is proper in Queens County pursuant to CPLR § 503 because Madelaine's principal offices are located in this county.

## FACTUAL ALLEGATIONS

### *Superstorm Sandy*

8. Sandy was a named windstorm that originated in October 2012, causing extensive property damage, fatalities and other losses throughout the Caribbean, the Middle-Atlantic and Northeastern United States.

9. On or about October 29, 2012 Sandy made landfall along the coast of Southern New Jersey with reported wind speeds in excess of 80 miles per hour.

10. Storm surges generated by Sandy's winds affected the greater New York City area. Sandy's near perpendicular angle of approach to the area's coastline magnified the impact of its storm surge.

11. A storm surge of 9.56 feet was reported on the northern side of Staten Island at Bergen Point West Reach.

12. A storm surge of 9.4 feet was reported at the Battery on the southern tip of Manhattan.

13. Sandy caused extensive property damage across various locations in and around the Rockaway Peninsula, New York, including the detachment from its concrete stanchions of over half of the 5.5 mile Rockaway Beach boardwalk.

### *The Damages and Loss Sustained by Madelaine*

14. Madelaine's manufacturing facility is located three blocks from the Atlantic Ocean and one block from Jamaica Bay on Long Island Sound. Sandy's huge wind field drove the storm surge against Madelaine's facility from both directions.

15. Sandy caused Madelaine severe property damage, including damage to Madelaine's inventories, production machinery and premises.

16. As a result of the property damage sustained from Sandy, Madelaine was required to cease operations, including during its peak production period for the 2012 holiday season, resulting in millions of dollars of lost business income.

*The Policy*

17. Madelaine purchased an all risks commercial property insurance policy from Great Northern, policy number 3534-94-73 LIO, for the November 12, 2011 to November 12, 2012 policy period to protect against the risk of loss and damages to its business locations and operations (the "Policy").

18. Madelaine is a Named Insured under the Policy.

*Building and Personal Property Coverage*

19. The Policy provides, in relevant part, insurance for "direct physical loss or damage to: **building**; or **personal property**, caused by or resulting from a peril not otherwise excluded . . ." for the Madelaine premises located at:

> 96-03 BEACH CHANNEL DRIVE
> BLOCK 16152, LOT 46
> ROCKAWAY PARK, NEW YORK 11694
> COUNTY OF QUEENS
>
> 97-25 BEACH CHANNEL DRIVE
> AKA 320-388 BEACH 97TH STREET
> ROCKAWAY PARK, NEW YORK 11694
> COUNTY OF QUEENS
>
> 316 BEACH 96TH ST
> AKA 305-333 BEACH 95TH STREET
> AKA 95-11 ROCKAWAY PARKWAY
> ROCKAWAY BEACH, NEW YORK 11693
> COUNTY OF QUEENS

20. The Policy defines **building**, in relevant part, to include "a structure; **building components**; completed additions; additions to the structure under construction; and alterations and repairs to the structure."

21. The Policy defines **personal property**, in relevant part, to include "all your business personal property; business personal property you lease; **personal property of others**;

labor, materials and services furnished or arranged by you on **personal property of others**; signs, fixtures, glass and other **tenant's improvements and betterments**; and glass in **buildings** you do not own if you are legally or contractually required to maintain such glass."

*Business Income with Extra Expense Coverage*

22. Madelaine also purchased time element insurance from Great Northern, set forth within the Policy's "Business Income With Extra Expense" section, which provides in relevant part:

> We will pay for the actual:
>
> - **business income** loss you incur due to the actual impairment of your **operations**; and
> - **extra expense** you incur due to the actual or potential impairment of your **operations**,
>
> during the **period of restoration** . . . .
>
> This actual or potential impairment of **operations** must be caused by or result from direct physical loss or damage by a **covered peril** to **property**, unless otherwise stated.

23. Under the Policy, **business income**, as modified by endorsement, is defined, in relevant part, to include: "net profit or loss, including rental income from tenants, and net sales value of production, that would have been earned or incurred before income taxes"; "your continuing normal: operating; and **nonordinary payroll**; expenses"; and "the cost you are required to pay to rent temporary premises when . . . the premises . . . occupied by you is untenable, not to exceed the fair rental value of such untenable portion of the **building** you occupied."

24. Under the Policy, **operations** is defined, in relevant part, as "your business activities occurring at your premises, including your activities as a lessor of premises, prior to the loss or damage."

25. Under the Policy, **extra expense** is defined, in relevant part, as "necessary expenses you incur in an attempt to continue **operations**, over and above the expenses you would have normally incurred; and to repair or replace any **property** . . . if such action will reduce any loss we would pay under this insurance."

26. Under the Policy, **period of restoration** is defined, in relevant part, as "the period of time that . . . begins immediately after the time of direct physical loss or damage by a **covered peril** to **property**" and "continue[s] until your **operations** are restored, with reasonable speed, to the level which would generate the **business income** amount that would have existed if no direct physical loss or damage occurred, including the time required to repair or replace the **property** . . ."

27. Under the Policy, **covered peril** is defined, in relevant part, as "a peril covered by the Form(s) shown in the Property Insurance Schedule Of Forms, except Care, Custody Or Control Legal Liability, applicable to the lost or damaged **property**."

28. Under the Policy, **property** is defined, in relevant part, as "**building**; **personal property**; **personal property of employees**; **electronic data processing property**; **valuable papers**; **fine arts**; or **research and development property**."

*The Windstorm Endorsement*

29. An endorsement to the Policy, in effect at the Policy's inception and at the time of Madelaine's loss, affords windstorm insurance for Madelaine's property and business income (the "Windstorm Endorsement").

30. The Windstorm Endorsement provides in relevant part:

This Endorsement applies to the following forms:

ACCOUNTS REC., FINE ARTS, MONEY & SEC., VALUABLE PAPERS
BUILDING AND PERSONAL PROPERTY

BUSINESS INCOME WITH EXTRA EXPENSE
ELECTRONIC DATA PROCESSING PROPERTY
PROPERTY/BUSINESS INCOME CONDITIONS & DEFINITIONS

### SCHEDULE

| | |
|---|---|
| Premises: | 96-03 BEACH CHANNEL DRIVE<br>BLOCK 16152, LOT 46<br>ROCKAWAY PARK, NEW YORK 11694<br>COUNTY OF QUEENS |
| Premises: | 97-25 BEACH CHANNEL DRIVE<br>AKA 320-388 BEACH 97TH STREET<br>ROCKAWAY PARK, NEW YORK 11694<br>COUNTY OF QUEENS |
| Premises: | 316 BEACH 96TH ST<br>AKA 305-333 BEACH 95TH STREET<br>AKA 95-11 ROCKAWAY PARKWAY<br>ROCKAWAY BEACH, NEW YORK 11693<br>COUNTY OF QUEENS |

Property Damage Dollar Deductible:          $ 50,000
Waiting Period:                              72 HOURS

. . . .

For the peril of **windstorm**, the Deductible provision is deleted:

- only with respect to the forms shown above;
- for the premises shown in the Schedule above; and
- for any premises not shown in the Schedule above and not shown in the Declarations,

and is replaced by the following:

***Deductible***

. . . .

    **D.**   The most we will pay, in any **occurrence**, for direct physical loss or damage to property caused by or resulting from **windstorm**:

        1.   after application of Coinsurance, if applicable;

        2.   in excess of the applicable Property Damage Percentage Deductible or Property Damage Dollar Deductible shown

        in the Schedule above; and

3.     for all the applicable property coverages provided in the forms shown above,

is the lesser of the applicable Limits Of Insurance shown in the Declarations or as otherwise shown.

. . . .

Under Definitions, the following is added:

*Definitions*

*Windstorm*    **Windstorm** means:

- wind;
- wind-driven rain;
- erosion of soil or other land caused by or resulting from wind or wind driven rain;
- hail; or
- collapse of a building or other structure caused by or resulting from wind,

regardless of any other cause or event that directly or indirectly:

- contributes concurrently to; or
- contributes in any sequence to,

the loss or damage, even if such other cause or event would otherwise be covered.

**Windstorm** does not mean:

- frost;
- cold weather;
- snow; or
- sleet or ice (other than hail),

whether driven by wind or not.

All other terms and conditions remain unchanged.

31.    The Windstorm Endorsement affords insurance for the property damage and business income losses sustained by Madelaine as a result of Sandy.

*The Flood Exclusion*

32. Rather than pay the full amount of its contractual obligations under the Policy, Great Northern has incorrectly asserted, including by letters dated April 12, 2013 and April 25, 2014, that the Flood exclusion contained within the Policy bars insurance coverage for losses sustained by Madelaine as a result of Sandy.

33. The Policy's Flood exclusion, however, makes no reference to storm surge and provides as follows:

> *Flood* This insurance does not apply to loss or damage caused by or resulting from:
> - waves, tidal water or tidal waves; or
> - rising, overflowing or breaking of any boundary,
>
> of any natural or man-made lakes, reservoirs, ponds, brooks, rivers, streams, harbors, oceans or any other body of water or watercourse, whether driven by wind or not, regardless of any other cause or event that directly or indirectly:
> - contributes concurrently to; or
> - contributes in any sequence to,
>
> the loss or damage, even if such other cause or event would otherwise be covered.
>
> This Flood exclusion does not apply to ensuing loss or damage caused by or resulting from a **specified peril**.

34. At least one similar standard form exclusion available to Great Northern at the Policy's inception expressly excludes storm surge.

35. Specifically, the Insurance Services Office, Inc.'s standard form "Water Exclusion Endorsement" for commercial property insurance policies, available since 2008, excludes, in relevant part, loss or damage caused by or resulting from: "Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or

spray from any of these, all whether or not driven by wind (including storm surge)". (emphasis added).

36. Consistent with its omission of storm surge, the Policy's Flood exclusion expressly states that the exclusion "does not apply to ensuing loss or damage caused by or resulting from a **specified peril**."

37. The Policy defines **specified peril**, in relevant part, to include "windstorm".

38. Accordingly, the Policy's Flood exclusion does not operate to exclude loss or damage related to storm surge, and Great Northern has not carried its burden with respect to the application of this exclusion to Madelaine's claims for coverage under the Policy.

### *The Claims Submitted by Madelaine*

39. To date, Great Northern has paid only $3,951,877.26 to Madelaine in connection with its Sandy claims, a fraction of the more than $53 million to which Madelaine is entitled under the Policy.

40. As of July 24, 2013, the date of its Proof of Loss, Madelaine's claim for property damage totaled $40,354,579.41.

41. As of July 24, 2013, Madelaine's claim for business income loss, including extra expense, totaled $13.5 million. To this day, Madelaine continues to suffer business income loss as a result of the property damage sustained from Sandy.

42. Madelaine has complied with all applicable obligations and conditions under the Policy.

43. Madelaine has paid the applicable premiums owed under the Policy.

44. Madelaine provided timely notice of the occurrence at issue in Madelaine's claims.

45. Madelaine timely submitted interim claims and a Proof of Loss statement to Great Northern for its review.

46. Madelaine's losses are in excess of any applicable deductible.

47. Accordingly, the entirety of Madelaine's claims is subject to full reimbursement under the Policy.

## COUNT I
## (BREACH OF CONTRACT)

48. Madelaine repeats and realleges the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

49. The Policy constitutes a valid contract of insurance between Madelaine and Great Northern, and its terms and conditions have been triggered to obligate Great Northern to provide insurance to Madelaine.

50. Madelaine has satisfied all obligations and complied with all conditions applicable under the Policy.

51. Pursuant to the Policy, Great Northern is obligated to pay for the damages and losses sustained by Madelaine as a result of Sandy.

52. Great Northern has breached its obligations under the Policy by refusing to pay Madelaine's claims in full.

53. As a result of Great Northern's breach of its obligations under the Policy, Madelaine has suffered tens of millions of dollars in damages, the exact amount to be proven at trial.

## COUNT II
## (DECLARATORY JUDGMENT)

54. Madelaine repeats and realleges the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

55. This is a claim for declaratory judgment pursuant to CPLR § 3001 for the purpose of determining a justiciable controversy between Madelaine and Great Northern.

56. Because the parties have an actual and active controversy regarding their respective rights and obligations, a declaratory judgment of the parties' respective rights and obligations is necessary.

57. Madelaine seeks a judgment declaring that, pursuant to the Policy, Great Northern is obligated to compensate Madelaine for the entirety of its property damage, loss of business income and extra expense claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Madelaine demands judgment as follows:

(i) against Great Northern on Count I for money damages in an amount sufficient to fully compensate Madelaine pursuant to the terms of the Policy for the entirety of its property damage, loss of business income and extra expense claims;

(ii) against Great Northern on Count II for a judgment declaring that Great Northern, pursuant to the terms of the Policy, is obligated to compensate Madelaine for the entirety of its property damage, loss of business income and extra expense claims; and

(iii) for all costs and disbursements incurred in enforcing Plaintiff's rights, attorneys' fees, pre- and post-judgment interest and any other relief deemed just and appropriate by this Court.

## JURY DEMAND

Madelaine demands trial by jury on all issues so triable.

Dated: September 11, 2015
      New York, New York

                                         By:  s/ Edward M. Joyce
                                                    Edward M. Joyce
                                                      Jason B. Lissy
                                                      JONES DAY
                                                      222 East 41st Street
                                                      New York, NY 10017
                                                      Tel.: (212) 326-3939
                                                      Fax: (212) 755-7306

                                                      *Attorneys for Plaintiff Madelaine*
                                                      *Chocolate Novelties, Inc. d/b/a The*
                                                      *Madelaine Chocolate Company*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x

Madelaine Chocolate Novelties, Inc. d/b/a The Madelaine (

                Plaintiff/Petitioner,

     - against -                                Index No. 709557/2015

Great Northern Insurance Company

                Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

     PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as allowed by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that rule.

     NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

     Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

     The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

     1) **Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

     2) **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form.** However, an unrepresented litigant may consent to participate in e-filing.

Index No.                            Page 1 of 2                            EF-3

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: September 11, 2015

_____
Signature

Edward M. Joyce
Name

Jones Day
Firm Name

222 East 41st Street
Address

New York, NY 10017

212-326-3939
Phone

emjoyce@jonesday.com
E-Mail

To: Great Northern Insurance Company

15 Mountain View Road

Warren, NJ 07059

9/3/15