UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MADELAINE CHOCOLATE
NOVELTIES,
                        Plaintiff,

          - against -

GREAT NORTHERN INSURANCE CO.,

                        Defendant.
------------------------------------------------------------ x

**ORDER**

15 CV 5830 (RJD)(SMG)

DEARIE, District Judge:

    Plaintiff Madelaine Chocolate Novelties ("Plaintiff" or "Madelaine") filed a motion to stay damages discovery, bifurcate liability and damages for trial purposes and proceed as soon as possible to a trial on liability pursuant to its insurance policy with Defendant Great Northern Insurance Co. ("Defendant" or "Great Northern"). Upon reviewing the parties' submissions, ECF Nos. 65 and 68, as well as the transcript of the proceedings held before Magistrate Judge Gold on August 22, 2019, ECF No. 64, Plaintiff's motion to stay damages discovery is denied. Plaintiff's motion to bifurcate is denied with leave to renew at the conclusion of damages discovery.

    <u>First</u>, proceeding with damages discovery is the prudent course of action, capable of resolving this case most efficiently. Indeed, staying damages discovery could result in two different trials with two different juries—a result that makes little sense and would surely result in duplicative efforts for both the Court and the parties. Even if the Court ultimately determines bifurcation is appropriate, it would be most efficient to try liability and damages seriatim, before the same jury. <u>Second</u>, notwithstanding representations from Plaintiff to the contrary, it is unlikely the parties can make meaningful settlement progress in the absence of at least some narrowly-tailored and expeditiously-executed damages discovery. Though Plaintiff argues

Defendant's loss estimate, prior to denying coverage, is a sufficient anchor point for any discussion on damages, Defendant points out that the "replacement cost" calculated in the loss estimate is not the only appropriate damages metric. The Court agrees that additional discovery is warranted to flesh out Plaintiff's claim for damages.

The Court expects the parties to work in earnest to conduct damages discovery as efficiently as possible and to resolve any disputes, with the assistance of Magistrate Judge Gold, without delay. Damages discovery **must** conclude by February 21, 2020, ECF No. 67, and the parties must be trial ready by April 2020. The Court will, if necessary, revisit bifurcation at the conclusion of damages discovery.

Accordingly, Plaintiff's motion to stay damages discovery is denied. Plaintiff's motion to bifurcate is denied with leave to renew at the close of damages discovery.

SO ORDERED.

Dated: Brooklyn, New York
       September 16, 2019

s/Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge