UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MADELAINE CHOCOLATE NOVELTIES, INC.,   :
:
              Plaintiff,   :
:               MEMORANDUM &
    -against-                           :               ORDER
:               15-CV-5830 (RJD) (SMG)
GREAT NORTHERN INSURANCE CO.,   :
:
              Defendant.   :
------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

       On June 11, 2020, Jones Day—one of the law firms representing plaintiff Madelaine Chocolate Novelties, Inc. ("Madelaine")—moved for leave to withdraw as counsel for plaintiff. Mot. to Withdraw as Attorney, Dkt. 115. At that time, it appeared that Madelaine might object and that resolution of the motion would require the intervention of the Court. Accordingly, although the motion was filed *ex parte* and *in camera*, the Court asked plaintiff to explain why the motion papers submitted by Jones Day should not be publicly filed in their entirety or with redactions. *See* Order dated June 11, 2020.

       Since that time, Jones Day and plaintiff have reached agreement with respect to Jones Day's motion for leave to withdraw, subject to the Court's ruling that the motion papers remain under seal. At the Court's request, Madelaine has submitted a declaration of its Chief Administrative Officer setting forth the reasons why Madelaine contends it would be prejudiced by public disclosure of the motion papers. Decl. of Scott Wright, Dkt. 121-1. Madelaine has also proposed redactions to those papers it asks the Court to permit if public disclosure is required. Proposed Redactions, Dkt. 121-2 and 121-3. Because, as set forth below, I conclude that Jones Day's motion papers are not judicial documents and may properly remain under seal, I do not consider the proposed redactions.

Now that Madeleine and Jones Day have agreed to the terms of Jones Day's withdrawal (subject to a ruling that Jones Day's motion papers may remain sealed), there is no longer a contested matter for the Court to decide. Because there is no pending dispute, the motion papers are not at this point "judicial documents" to which the public has a right of access. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *Giuffre v. Maxwell*, 2020 WL 133570, at *3 (S.D.N.Y. Jan 13, 2020). Even when documents do enjoy a presumption of access, that presumption may be overcome by the privacy interests of the person or entity resisting disclosure. *Amodeo*, 71 F.3d at 1050-51. The declaration of Madeleine's Chief Administrative Officer demonstrates that Madeleine would be prejudiced if the Jones Day motion papers were publicly disclosed.

For the reasons stated above, the motions of Jones Day for leave to withdraw as counsel and of Madeleine that the motion papers described above remain under seal are granted.

SO ORDERED.

*Steven M. Gold*
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
August 2, 2020

U:\Madelaine withdrawal motion.docx

2